# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE YARIAN,<br>    Plaintiff,<br><br>        v.<br><br>ALL FREIGHT CARRIERS INC.,<br>et al.,<br>    Defendants. | CV 19-9172 DSF (Ex)<br><br>Order GRANTING Motion to Remand |

Plaintiff Wayne Yarian moves to remand this case. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for February 10, 2020 is removed from the Court's calendar.

This is a class action wage-and-hour case brought by a truck driver based on California statutes. Plaintiff claims he was subject to unlawful pay deductions, failure to pay overtime, and various other alleged violations of California statutory law. The class is defined as:

> current and former drivers, including but not limited to those misclassified as independent contractors or owner-operators, who performed work for DEFENDANTS in the State of California at any time during the four years preceding the filing of this action, and continuing while this action is pending

Compl. ¶ 4.

The parties dispute how the amount in controversy should be calculated. Defendants argue that because the class definition includes

California residents and non-residents who performed work in California, the amount in controversy includes damages for all work performed by those class members for Defendants anywhere in the country. Plaintiff argues that a reasonable interpretation of the amount in controversy only includes damages relating to work that would actually be subject to California law.

The Court agrees with Plaintiff that a determination of the amount in controversy must be in light of a reasonable interpretation of the scope of the laws at issue. For example, a defendant could not remove a case based on amount in controversy calculations that include punitive damages or attorney's fees if those damages were not demanded in the complaint and not available under the relevant law. Likewise, the Court sees no justification for ignoring the actual extraterritorial reach of California law (or lack thereof) when calculating the amount in controversy in this case. Importantly, this is not a case where a plaintiff explicitly asked for certain damages and then, when seeking remand, attempts to show that he could not actually recover those damages. In this case, the complaint alleges only (1) the people covered by the suit and (2) the laws that apply. It does not directly address the geographic limit of the work at issue, so the Court is called upon to provide a reasonable interpretation in the absence of a direct allegation. Under these circumstances, it is appropriate for the Court to examine the actual extraterritorial reach of California law to see what work would be covered by claims under California statutes.

There is nothing in California law that suggests the amount in controversy calculation by Defendants is remotely connected to any amounts that could reasonably be in controversy under California law. The most recent case from the California Supreme Court regarding the extraterritorial application of California employment laws suggests a limited scope for extraterritorial application. See Sullivan v. Oracle Corp., 51 Cal. 4th 1191, 1199 (2011) ("We foresaw . . . only limited extraterritorial application of California's employment laws, precisely balance by interstate comity"). There is simply no support in California law for the idea that the California employment statutes at issue could apply to work by non-residents outside of California or for work by

California residents that took place entirely outside of California. Sullivan does leave open the possibility that California statutes could apply to work by California residents outside the state where the California residents leave the state temporarily during the course of the normal workday and return by the end of the workday.  Id.  But Defendants provide no evidence of the nature of Plaintiff's work outside of California so there is no basis to believe that extraterritoriality would apply to any of his out-of-state work, let alone all of it.

The unpublished Ninth Circuit opinion, Henry v. Cent. Freight Lines, Inc., 692 F. App'x 806 (9th Cir. 2017), is both nonbinding and distinguishable.  Henry involved a plaintiff who attempted to rewrite his class definition after removal, which the Ninth Circuit found did not allow the plaintiff to avoid an amount in controversy calculation based on the removed complaint: "Henry's post-removal change to the complaint was not merely a clarification, but instead was an amendment that altered the scope of the class itself.  As such, Henry's post-removal amendment does not affect the district court's jurisdiction."  Henry, 692 F. App'x at 806–07.

Here, Plaintiff has not attempted to alter his class definition – it still includes both residents of California and non-residents who performed work in California. The question is not about the effect of post-removal changes; it is about the proper interpretation of the pre-removal complaint.  Henry also rejected the plaintiff's attempt to disavow his request for reimbursement of lease payments because such payments were not recoverable under the applicable law, even though the plaintiff had explicitly sought them in the complaint.  As noted above, Plaintiff is not attempting to rewrite his complaint to drop damages that he explicitly asked for but now claims are not recoverable.  The essence of the motion is to provide a reasonable interpretation of what Plaintiff was actually asking for in his complaint, which in this context requires reference to the underlying California law.

It is also important to note that it is not clear from the Ninth Circuit's limited discussion that the defendant in Henry was arguing

3

for an amount in controversy calculation remotely as inclusive as Defendant does here. While the class definition in <u>Henry</u> was similar to the one in this case, the defendant in <u>Henry</u> calculated the amount in controversy based only on California residents and did not include amounts for nonresident drivers for work performed outside of California. <u>See</u> <u>id.</u> at 807. Therefore, the <u>Henry</u> court was not required to address the question raised by this motion.

Defendants have rested solely on a classwide amount in controversy that includes out of state work by nonresident drivers. Therefore, they have failed to demonstrate that the amount in controversy exceeds $5,000,000. They have also included all out of state work done by Plaintiff in their calculation of the amount in controversy under traditional diversity. Because they have made no attempt to show that this calculation only includes work that could possibly be subject to the extraterritorial application of California law, Defendants have also failed to demonstrate that Plaintiff's individual damages exceed $75,000.

The motion to remand is GRANTED. The case is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.

Date: January 31, 2020

_____
Dale S. Fischer
United States District Judge